Case 1:12-cr-00672-PKC Document 90 Filed 07/28/26 Page 1 of 5

LAW OFFICES
DAVID WIKSTROM
250 WEST 55TH STREET, 17TH FLOOR
NEW YORK, NY 10019

E-MAIL: DAVID@DAVIDWIKSTROM.COM
WWW.DAVIDWIKSTROM.COM

TELEPHONE: (212) 248-5511
FACSIMILE: (212) 248-2866

July 20, 2026

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 11201

Re: United States v. Jonathan Puello
12 CR 672 (PKC)

Dear Judge Castel:

I applaud the recent progress made by Mr Puello while on supervised release. His track record on supervised release has been (exceptionally) poor and has resulted in an elogation of his term on supervised release. (ECF 51, 60, 80, 87 & 89). Application DENIED without prejudice to renewal on or after September 30, 2027. SO ORDERED.

I write to request that the Court order the early termination of Supervised Release for Jonathan Puello, pursuant to 18 U.S.C.§3583(e)(1).

Background and Procedural History

The Court is already familiar—painfully familiar—with Jonathan Puello's historical record of noncompliance with the conditions of release, both Pretrial and Supervised. After his release from prison more than a decade ago, on 02/19/2016, he incurred five sentences for Violations of Supervised Release, the first two of which resulted in additional prison time. Over the last five years, however, VOSR proceedings were for either for new arrests (all dismissed), or more technical notice, compliance and location issues, and they typically resulted with reinstatements of the original 7-year term of Supervised Release.[1] Mr. Puello has 28 months left on his term.

[signature], USDJ
7-28-26

I therefore do not make this application lightly. But Mr. Puello has turned a corner. He has had no problems since 2024, when his most recent Supervised Release term was re-imposed. He works for Chick-Fil-A, where he started as an hourly shift worker and is now a general manager, overseeing two Bronx locations. He earns a six-figure salary and has insurance benefits. He has lived with his fiancée for four years, and he also maintains support for his daughter Alana, who lives with her mother. He is drug free and in full compliance with all of the requirements of Supervised Release. His Probation Officer informs me that he supports this application.

[1] The data points are these. Mr. Puello was arrested on 03/17/2012 and released on Pretrial Supervision. He was remanded on 05/16/2013. He remained in custody until he was sentenced to time served on 04/18/2016, a total of 35 months. He has been on Supervised Release ever since, other than the total of 30 months of imprisonment imposed for his first and second violations of Supervised Release. In total then, since his arrest in 2012, Mr. Puello was on Pretrial Supervision for 14 months, in prison for 65 months, and has been on Supervised Release for a total of 91 months to date.

I believe that under these circumstances that early termination of Supervised Release is warranted.

**Argument**

The applicable law is well-established. Section 3583(e) provides in pertinent part that

> [t]he court may, after considering the factors set forth in section [3553(a)(1)–(a)(7)] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Supervised release is distinct from the imprisonment portion of a criminal sentence, 18 U.S.C. §3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, *may* include as a part of the sentence a requirement that the defendant be placed on a term of supervised release…) Supervised release is designed to achieve rehabilitative ends, and to assist offenders transitioning from prison to life in the community.(*See* 18 U.S.C. §3553(a)(2)(D); *see also*, S.Rep. No. 98-225, p. 124 (1983)("the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

The Court has authority under 18 U.S.C. § 3583(e)(1) to terminate a term of supervised release at any time after one year of supervised release if the Court is satisfied that two requirements are met. First, early termination must be "warranted by the conduct of the defendant released." 18 U.S.C. § 3583(e)(1). Second, early termination must be in "the interest of justice." Id. Whether to grant a motion to terminate a term of supervised release is a matter completely at the discretion of the Court. Before making the decision, a court must consider the statutory factors in 18 U.S.C. § 3553(a), covering the same "general punishment issues" that would be considered when imposing an initial sentence, "such as deterrence, public safety, rehabilitation, proportionality, and consistency." *United States v. Lussier*, 104 F. 3d 32, 35 (2d Cir. 1997).

Mr. Puello's record of compliance plainly merits favorable consideration. He meets or surpasses the factors identified in the Probation Department's Guide to Judiciary Policy[2] as warranting a Probation Department recommendation in favor of early termination. That is, Mr. Puello is not a career offender, he has not committed a sex offense or engaged in terrorism, he

[2] Guide to Judiciary Policy, Vol. 8 (Probation and Pretrial Services, Part E (Post-Conviction Supervision), § 360.20(b)–(c) (July 2, 2018).

Case 1:12-cr-00672-PKC Document 90 Filed 07/28/26 Page 3 of 5

presents no identified risk of harm to the public or victim; he is free from any court reported violations over a 12-month period, he has demonstrated the ability to lawfully self-manage beyond the period of supervision, he is in substantial compliance with all conditions of supervision; and he is engaged in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision. Id. § 360.20(c)(1)–(6). Not surprisingly, his Probation Officer is a strong proponent of the application.

I acknowledge that Mr. Puello's personal circumstances are neither new, nor "extraordinary." And there are a number of decisions denying §3583(e)(1) motions while making express reference to the absence of such circumstances. Those decisions appear to come from language in the Second Circuit's opinion in *United States v. Lussier,* 12 F.3d 32, 36 (2d Cir. 1987). There the Circuit wrote that "[o]ccasionally, changed circumstances—for instance, exceptionally good behavior by the defendant, or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."

But in *United States v. Parisi,* 821 F.3d 343, 347 (2nd Cir. 2016), the Circuit clarified that *Lussier* does not in fact require new or changed circumstances. Rather, *Lussier* "simply recognizes that changed circumstances may in some instances justify a modification." The paramount requirement is that courts consider the usual statutory sentencing factors when deciding whether to modify or terminate supervised release. *Id.* "So long as the court, when modifying supervised release conditions, considers the relevant [sentencing factors]," there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." (*United States v Trotter,* 321 F. Supp.3d 337, 360 (E.D.N.Y. 2018), *citing Parisi.*)

Nor is it necessary for a defendant to show "exceptionally good behavior." There are numerous recent cases where judges have granted motions for early termination without making any such finding. *See, e.g., United States v. Gallagher,* 22 CR 122 (VEC)(S.D.N.Y. Feb. 1, 2024); *United States v. Martinez,* 19 CR 537 (S.D.N.Y. Oct. 26, 2023; *United States v. Wang,* 18 CR 882 (LTS)(S.D.N.Y. Oct. 25, 2023); *United States v. Hasanoff,* 10 CR 162 (KMW)(July 1, 2022); *United States v. Williams,* 02 CR 1372 (ALC)(Feb. 7, 2022); *United States v. Delvecchio,* 19 CR 396 (NSR)(Dec. 9, 2021); *United States v. Williams,* 17 CR 397 (JMF)(Dec. 19, 2023).

And lastly, while many courts have remarked that "mere compliance" with conditions of release is insufficient reason to terminate supervision early, *see e.g., United States v Weiss,* 21 Cr. 457 (PMH), 2022 WL 3214914, *2 (S.D.N.Y. 2022), such language tends to be invoked mechanically, without much explanation as to what combination of factors actually warrants early termination. As Judge Glasser observed in *United States v Hutchinson,* 577 F.Supp.3d 134, 135 (E.D.N.Y. 2021):

> If good behavior, reintegration into society, satisfaction of all conditions of supervised release, and resumption of pre-incarceration life do not constitute the exceptional behavior contemplated in the precedents ****, precisely what do the precedents require of the supervisee to be discharged prematurely from supervised release? The almost formulaic repetition that good behavior and reintegration into society is not enough is reminiscent of the observation of Justice Holmes *** that '[i]t is one of the misfortunes of law that ideas become encrusted in phrases and thereafter for a long time cease to provoke further analysis.
>
> It is not only the citation to the precedents that have discouraged analysis, but also an expansive reading of the relevant statutes, which authorizes the early termination of supervised release if the conduct of the defendant warrants it, and an unfamiliarity with the legislative history of supervised release. That legislative history is informative and important Senate Report No. 98-225, which discusses the inclusion of a sentence of supervised release after imprisonment, clearly states "the sentencing purposes of incapacitation and punishment would not be served by a term of supervised release—that **the primary goal of such a term is to ease the defendant's transition into the community** after the service of a long prison term ...." S. Rep. No. 98-225, at 124 (1983) (emphasis added); *see also United States v. Johnson*, 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) (discussing purpose of supervised release). Denial of a request for early termination of supervised release by a defendant whose behavior has been good, who has reintegrated into society, and who satisfied all other conditions of supervised release, would suggest that the denial is for punishment and not rehabilitation.

*United States v. Hutchinson*, 577 F. Supp. 3d 134 (E.D.N.Y. 2021).

For these reasons, I respectfully ask the Court to terminate Jonathan Puello's supervision. The §3553 factors support it, the Guide to Judiciary Policy supports it, and Mr. Puello's record of compliance supports it. A continued period of supervised release is unnecessary for deterrence, protection of the public or to reflect the seriousness of the offense for which the defendant has already completed his custodial term and a total of 91 months of supervised release. There is no

Case 1:12-cr-00672-PKC Document 90 Filed 07/28/26 Page 5 of 5

further purpose, I believe, for the resources of the Probation Department to be spent on him. I therefore respectfully request that the Court terminate the term of Supervised Release.

Respectfully submitted,

David Wikstrom